**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and the COMMONWEALTH OF VIRGINIA, )<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>VIRGINIA ELECTRIC AND POWER )<br>COMPANY (d/b/a DOMINION ENERGY )<br>VIRGINIA) )<br>)<br>Defendant. ) | Civil Action No. 3:20-cv-177 |

**DECLARATION OF JUSTIN WILLIAMS IN SUPPORT OF THE UNITED STATES
AND THE COMMONWEALTH OF VIRGINIA'S
MOTION TO ENTER CONSENT DECREE**

I, Justin Loyd Williams, pursuant to 28 U.S.C. § 1746, and based on my personal knowledge, declare and state that following:

1. I work for the Virginia Department of Environmental Quality (DEQ). I have worked for DEQ since 2008 and served in the capacity of waste enforcement manager from 2008 to 2012. From 2012 to 2015, I served as the Director for the Office of Waste Permitting and Compliance and from 2015 to 2020 as the Land Protection and Revitalization Division Director. I also served as the interim waste enforcement manager from July 2018 to February 2020 and as the Interim Director for the Division of Enforcement from July 2018 to January 2019.

2. During my tenure, I have calculated or reviewed a significant number of enforcement penalties and served as the primary enforcement representative in administrative settlement negotiations in a significant number of matters. I am knowledgeable and experienced in the application and calculation of enforcement penalty calculations and appropriate enforcement settlement policies, procedures, and legal requirements.

3. I, along with other DEQ staff, provided input and review in the calculation and determination of the final penalty amount in this case, including the recommendation for approval. The final approval of this settlement was from the Office of the Governor with recommendation from the Office of the Attorney General.

4. In determining the appropriate penalty amount, DEQ, in consultation with EPA, considered the economic benefit and gravity associated with the violations. The economic benefit is designed to capture any economic benefit realized from the

noncompliance and remove any illegal competitive advantage. The gravity component considers the type of violations and frequency, potential for harm to human health and the environment, and aggravating factors.

5. DEQ also considered DEQ's Civil Enforcement Manual, Chapter 4 Civil Charges and Civil Penalties, (effective December 1, 2016). The guidance incorporates factors listed in Va. Code § 62.1-44.15(8e) which include the severity of the violations, the extent of any potential or actual environmental harm, the compliance history of the facility or person, and the ability of the person to pay.

6. DEQ also considered Va. Code § 62.1-44.32, which states that any person who violates any provision of the State Water Control Law is subject to a civil penalty not to exceed $32,500 for each violation within the discretion of the court and that each day of violation shall constitute a separate offense.

7. The final penalty amount is the result of negotiations between the Parties and took into account a number of factors, such as, economic benefit, gravity of harm, and litigation risk. The penalty fully recovers economic benefit realized from noncompliance, plus a significant amount for the gravity of harm.

8. DEQ's penalty amount and injunctive relief in the proposed decree are fair and reasonable and are adequate to address all violations at issue.

9. Ninety-two and half percent (92.5%) of civil penalties paid to the Commonwealth of Virginia under the proposed decree will be directed into the Virginia Environmental Emergency Response Fund as outlined in Va. Code § 10.1-2500 to be used for the environmental protection and benefit of citizens of the Commonwealth. This includes use of funds to address environmental emergencies and clean-ups including exigent discharges or releases where a responsible party is not identified or not capable of conducting the clean-up and to address the operation and maintenance of Superfund sites to protect remedies and the environment.

10. Examples of emergency environmental response actions paid for by the Virginia Environmental Emergency Response Fund include abandoned hazardous waste, releases and run-offs to surface waters, and overflows of septic lagoons.

11. Seven and half-percent (7.5%) of the total civil penalty accounting for the construction storm water violations will be deposited into the Virginia Stormwater Management Fund as required under Va. Code § 62.1-44.15:29. Money from the Virginia Stormwater Management Fund is used by Virginia DEQ to carry out its responsibilities under the Virginia Stormwater Management Act.

I, Justin Williams, declare that the foregoing is true and correct to the best of my knowledge.

Executed on this __24_____ day of June, 2020 in Richmond, Virginia.

_____
Justin L. Williams